# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CALFUS DRUMMOND,**

  **Petitioner,**

**VS.**                                        **Case No.: 4:15cv560-RH/CAS**

**LORETTA LYNCH, et al.,**

  **Respondents,**

_____**/**


## REPORT AND RECOMMENDATION

Petitioner Calfus Drummond, proceeding pro se, filed a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1,

challenging his continued detention by Immigration and Customs

Enforcement (ICE).  Mr. Drummond, a native and citizen of Jamaica,

alleges that he entered the United States on August 5, 1996.  ECF No. 1 at

3.  He was taken into immigration custody on July 13, 2013, and has been

in custody since that time.  *Id.*  Mr. Drummond alleged he was ordered

removed from the United States on February 16, 2014.  *Id.* at 3.  He

alleges that he has cooperated fully with all efforts to carry out his removal,

but advises that the "Jamaican Consulate has failed to [issue] any travel

documents to Petitioner or ICE." *Id.* at 5.  Mr. Drummond contends that he

"is unlikely to be removed in the reasonably foreseeable future."  *Id.* at 6.

Thus, he seeks release from detention pursuant to the United States

Supreme Court's decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

**Respondents' Answer**

Respondents have filed an answer, ECF No. 9, asserting that the

petition should be denied because "removal is significantly likely in the

reasonably foreseeable future."  *Id.* at 1.  Respondents have shown that

Mr. Drummond "entered the United States as a lawful Permanent Resident

on or about March 4, 1998." *Id.* (citing Ex. A).  On February 27, 2007, he

was convicted of possession of marijuana with intent to sell and fleeing or

attempting to elude a law enforcement officer and sentenced to 60 days

incarceration.  *Id.* at 2.  Mr. Drummond was also convicted of uttering a

forged instrument and grand theft and sentenced to 6 months

incarceration.  *Id.*; *see also* ECF No. 9-1 at 2.  He was convicted a third

time on August 24, 2011, for possession of a firearm by a convicted felon

and sentenced to 3 years in prison.  *Id.*

In September 2011, ICE determined that Mr. Drummond was

removable based on his criminal convictions.  He was ordered removed by

an Immigration Judge on June 25, 2013, and "reserved his right to appeal the order."  ECF No. 9 at 2.  On July 3, 2013, Mr. Drummond was released from the Florida Department of Corrections and taken into ICE's custody.  *Id.*  He filed an appeal to the Board of Immigration Appeals who remanded his case to the Immigration Judge.  *Id.* at 2-3.

On January 17, 2014, Mr. Drummond was once again ordered removed from the United States.[1]  ECF No. 9 at 3.  Because he did not appeal the second order of removal, the order became final when issued.  *Id.*  On March 4, 2014, ICE sent a travel document request to the Embassy of Jamaica.  *Id.*  On March 10, 2014, a consulate official advised that a travel document could not be issued at that time, but Mr. Drummond's case was pending review by the Jamaican government.  *Id.*

Between March 2014 and October 2015, "ICE regularly communicated with the Jamaican embassy and was informed" that the travel document request was "still pending."  *Id.*  On October 8, 2015, ICE was notified that delay "was due to the Jamaican government's concern

---

[1] Mr. Drummond alleged in the petition that he was ordered removed on February 16, 2014.  ECF No. 1 at 3.  That difference in dates is immaterial considering it is undisputed that he has been ordered removed and was in detention for more than 6 months prior to filing the petition.

about" Mr. Drummond's "medical needs."  *Id.*  Respondents do not indicate

anything further took place until January 27, 2016, when "ICE met with

Jamaican embassy officials to discuss [Mr. Drummond's] travel document

and to address Jamaica's concerns."  ECF No. 9 at 3.  The Jamaican

embassy appears to be concerned "regarding the country's ability to meet

the Petitioner's medical needs."  ECF No. 9-1 at 3.  No specific information

was presented concerning that meeting.  Notwithstanding, ICE states that it

"anticipates being able to provide the required assurances to the Jamaican

embassy regarding" Mr. Drummond's "medical situation."  ECF No. 9 at 3-

4.  As of January 29, 2016, ICE urges that it "expects" to receive the

requisite travel documentation "in the reasonably foreseeable future" and,

therefore, Mr. Drummond "will be removed."  *Id.* at 4, 6.[2]

Respondents also point out that the "United States has diplomatic

relations with Jamaica, and ICE has a strong track record of successfully

---

[2] Respondents filed a motion requesting that Exhibit B be filed under seal.  ECF No.
10.  The motion was granted.  ECF No. 11.  The motion indicates that the exhibit, a
declaration of Ryan C. Clark, "contains sensitive health information concerning
Petitioner."  ECF No. 10 at 1.  The exhibit is attached to the motion, ECF No. 10, and is
an unredacted copy of Exhibit A (ECF No. 9-1).  The nature of Mr. Drummond's health
needs need not be disclosed here or further addressed as no argument has been put
forth that those needs are a basis for his continued detention beyond Jamaica's
concerns.

removing aliens to Jamaica."  ECF No. 9 at 6.  Approximately 938

successful removals were made to Jamaica in 2014.  *Id.* at 7.  Thus, ICE

contends that Petitioner has not met his burden and, because of his

"extensive criminal history," he poses a danger to the community and his

petition should be denied.  *Id.* at 7-8.

On February 10, 2016, a Notice to Supplement Record was filed,

ECF No. 12, clarifying that "ICE currently does not have any additional

information to report concerning" the assurances requested by the

Jamaican embassy regarding Mr. Drummond's medical condition or "when

they will be provided."  ECF No. 12 at 1.[3]  Nothing further has been filed by

Respondents since that date.

**Petitioner's Response**

Mr. Drummond argues in response that his petition should be granted

because he "is not significantly likely to be removed in the foreseeable

future."  ECF No. 13 at 1.  Petitioner advised that as of February 2016, he

had "been detained for 31 months."  *Id.*  He argues that although a request

---

[3] Footnote 2 of the Answer indicated additional information had been requested "from ICE concerning the nature of [the] assurances and when they [would] be provided to Jamaica."  ECF No. 9 at 4, n.2.  It was anticipated that the information might have been provided quickly.  *Id.*

for travel documents was made, "the fact is that no travel documents have been issued to date." *Id.* Mr. Drummond submits "there is no evidence when, if ever, travel documents will be issued." *Id.* Mr. Drummond asserts that Zadvydas does not permit indefinite detention and he should be granted release.

**Analysis**

Because Petitioner is not challenging a final order of removal, but only seeking release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), this Court has jurisdiction over this § 2241 habeas petition.  In Zadvydas, the Supreme Court considered a challenge to 8 U.S.C. § 1231(a)(6) and the issue of whether indefinite detention of a removable alien was authorized.

Immigration law directs that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . ." 8 U.S.C. § 1231(a)(1)(A).  During that 90 day removal period, "aliens must be held in custody." Zadvydas, 533 U.S. at 683, 121 S. Ct. at 2495 (citing 8 U.S.C. § 1231(a)(2)).  After the 90-day removal period, the statute permits the Government "to detain an alien who

still remains here or release that alien under supervision."  533 U.S. at 683,

121 S. Ct. at 2495 (citing 8 U.S.C. § 1231(a)(6)).  That statute provides:

> An alien ordered removed who is inadmissible under section
> 1182 of this title, removable under section 1227(a)(1)(C),
> 1227(a)(2), or 1227(a)(4) of this title or who has been
> determined by the Attorney General to be a risk to the
> community or unlikely to comply with the order of removal, *may
> be detained beyond the removal period* and, if released, shall
> be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphasis added).

Mr. Drummond was ordered removed from the United States in

January 2014.  Although the removal order has not been submitted, it is

apparent that Mr. Drummond was deemed removable pursuant to

§ 1227(a)(2) based on his criminal convictions.

The Supreme Court made clear in <u>Zadvydas</u> that the continued

detention of legal permanent aliens beyond the mandated 90-day removal

period was permissible under the Constitution, but only for as long as was

"reasonably necessary to bring about that alien's removal from the United

States."  *Id.*, at 689, 121 S. Ct. at 2498.  "[O]nce removal is no longer

reasonably foreseeable, continued detention is no longer authorized by

statute."  *Id.,* at 699, 121 S.Ct. at 2503.  For the sake of uniformity, the

<u>Zadvydas</u> Court held that "the presumptive period during which the

detention of an alien is reasonably necessary to effectuate his removal is

six months; after that, the alien is eligible for conditional release if he can

demonstrate that there is 'no significant likelihood of removal in the

reasonably foreseeable future.' " Clark v. Martinez, 543 U.S. 371, 125

S.Ct. 716, 722, 160 L.Ed.2d 734 (2005) (quoting Zadvydas, 533 U.S. at

701, 121 S.Ct. at 2505).[4]  Accordingly, under Clark and Zadvydas, when an

alien shows that he has been held more than six months beyond the

removal period and his removal is not reasonably foreseeable, a § 2241

petition should be granted.  Clark, 543 U.S. at 386-387, 125 S.Ct. at 727;

Benitez v. Wallis, 402 F.3d 1133, 1135 (11th Cir. 2005) (relying on Clark to

hold that "an inadmissible alien can no longer be detained beyond the

---

[4] In Clark, the Court extended its interpretation of 8 U.S.C. § 1231(a)(6) to
inadmissible aliens, holding that the period of time reasonably necessary to effect
removal should not be any longer for an inadmissible alien than for an admissible alien.
Clark, 543 U.S. at 386, 125 S.Ct. at 727.  The relevant statute provides: "An alien
ordered removed who is inadmissible under section 1182 of this title, removable [for
violations of nonimmigrant status or entry conditions, violations of criminal laws, or
threatening national security] or who has been determined by the Attorney General to
be a risk to the community or unlikely to comply with the order of removal, may be
detained beyond the removal period and, if released, shall be subject to the terms of
supervision in paragraph (3)."  8 U.S.C. § 1231(a)(6).

statutory 90-day removal period of § 1231(a)(1), where there was no

significant likelihood of removal in the reasonable foreseeable future.").[5]

Zadvydas established a burden-shifting analysis and, after the

presumptive six month removal period has expired, an alien must provide

"good reason to believe that there is no significant likelihood of removal in

the reasonably foreseeable future." Zadvydas, 533 U.S. at 701, 121 S.Ct.

at 2505.  Thereafter, "the Government must respond with evidence

sufficient to rebut that showing." *Id.* The Court noted:

> And for detention to remain reasonable, as the period of prior
> postremoval confinement grows, what counts as the
> "reasonably foreseeable future" conversely would have to
> shrink.  This 6-month presumption, of course, does not mean
> that every alien not removed must be released after six months.
> To the contrary, an alien may be held in confinement until it has
> been determined that there is no significant likelihood of
> removal in the reasonably foreseeable future.

*Id.*, at 701, 121 S.Ct. at 2505.

In this case, Mr. Drummond has met his initial burden under

Zadvydas because he alleged that he had been held in detention for more

than six months on a final removal order and had "worked diligently with

ICE and his Consulate to capture travel documents in order to proceed with

---

[5] An alien must be detained during the "removal period."  8 U.S.C. § 1231(a)(2).

deportation."  ECF No. 1 at 5.  Mr. Drummond said he had "cooperated

fully with all efforts by ICE" to effectuate his removal, but despite those

efforts, he contends ICE is unlikely to remove him "in the reasonably

foreseeable future."  *Id.*, at 6.  Those allegations are sufficient to meet

Petitioner's burden.

The burden shifted to Respondents to rebut that showing and

demonstrate there *is* a significant likelihood of removal in the reasonably

foreseeable future.  Respondents have shown that removals have been

successful to Jamaica over the past two years.  That does not

demonstrate, however, that *this* Petitioner may be removed.  That is

especially true in this case because the request for travel documents was

made in March 2014, over two years ago.  In October of 2015, the

Jamaican embassy raised concerns about Mr. Drummond's medical needs.

Those needs have not been resolved and there is no indication as to *when*

resolution might come.  It may be true that the travel document request is

still pending, but it has now been pending for over two years.  As the post-

removal confinement period grows for Mr. Drummond, the "reasonably

foreseeable future" period must diminish.  His continued detention cannot

hang on a "wing and a prayer"[6] but must be based on "evidence sufficient

to rebut" Mr. Drummond's showing that is removal is not significantly likely.

That evidence has not been presented.

There is no evidence that Mr. Drummond's removal is either

"significantly likely" or that it could occur in the "reasonably foreseeable

future."  Indeed, on this record, it appears that ICE is detaining him

indefinitely as Mr. Drummond has been held, as of this date, for over two

years and five months past the date his order of removal became final.

This period of detention has far exceeded the presumptively reasonable

removal period without any indication that the travel document request is

likely to be granted.

When an alien shows that he has been held beyond the presumptive

removal period and his removal is not reasonably foreseeable, his § 2241

habeas corpus petition should be granted.  Clark, 543 U.S. at 386-387, 125

S.Ct. at 727; Benitez, 402 F.3d at 1135.  An alien who cannot be removed

cannot "be condemned to an indefinite term of imprisonment within the

United States."  Zadvydas, 533 U.S. at 695, 121 S. Ct. at 2502.

---

[6] The Song Spinners, "*Coming in on a Wing and a Prayer*" (Decca Records 1943).

Case No.: 4:15cv560-RH/CAS

The statute governing release provides that if an alien "is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).  The regulations require the alien to: "(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien." 8 U.S.C. § 1231(a)(3).[7]  Respondents should be ordered to release Mr. Drummond from custody under such terms and conditions deemed necessary pursuant to § 1231(a)(3).

Accordingly, it is **RECOMMENDED** that the petition for writ of habeas corpus, ECF No. 1, filed by **Calfus Drummond** under 28 U.S.C. § 2241, be

---

[7] Aliens removable because of the commission of specified crimes must be "subject to the terms of supervision."  8 U.S.C. § 1231(a)(6).

**GRANTED**, and the Court **ORDER** that Petitioner be immediately released upon conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3).

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2016.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**